## Syncavage et al. v. Morris.

*Practice, C. P. — Pleading — Statement of claim—Oral or written contract — Insufficient statement — Striking off statement—Legal and illegal employment.*

1. In an action of *assumpsit* based on a contract, the statement of claim must set forth whether the contract was oral or written, unless from the whole statement an irresistible inference arises which establishes the class to which it belongs.

2. A statement of claim will be stricken off which merely alleges that plaintiff was employed by defendant, proprietor of a cigar store, under an agreement to pay him "one-half of the monies received from the collection of the 'kitty' derived from card playing."

3. Such a statement is deficient because it does not aver the place or nature of employment or that plaintiff performed any services, because it does not aver the amount to be paid in such a way that it can be ascertained, and particularly because it does not set forth such details as will enable the court to determine whether the employment was a legal or an illegal one.

Rule to strike off statement of claim. C. P. Schuylkill Co., Nov. T., 1925, No. 496.

*M. J. McGuire,* for plaintiff; *John B. McGurl,* for defendant.

BERGER, J., April 5, 1926.—This is a rule to show cause why the plaintiff's statement of claim should not be stricken from the record, for the reason that

it does not contain in a concise and summary form all the material facts on which the plaintiff relies for his claim, as is required by section 5 of the Practice Act, 1915. The action is brought by the father of a minor son, in the son's behalf, who, it is alleged, was employed April 12, 1925, by the defendant, the proprietor of a cigar store. It is not stated, as is required by section 9 of the Practice Act, 1915, whether the contract of employment was oral or in writing, but the statement of claim is not attacked on that ground, probably because from it an inference of a suit on an oral contract may be drawn. When an action is founded on a contract, the statement of claim should clearly state whether the contract is oral or in writing, unless from the whole statement an irresistible inference arises which establishes the class to which it belongs. The contract upon which the plaintiff's claim is founded is set out in his statement of claim in two paragraphs, as follows: "3. On April 12, 1925, Albert Syncavage was employed by the defendant, Frank Morris. 4. The defendant, Frank Morris, there and then, on April 12, 1925, at Minersville, Pennsylvania, agreed with the said Albert Syncavage to pay him one-half (½) of the monies (moneys) received from the collection of the 'kitty' derived from card-playing." In referring to this contract in the 6th, 11th, 14th and 17th paragraphs of his statement of claim, the plaintiff says that it was an oral contract, and in the 9th paragraph of his statement, speaks of it as a parol contract. It is, therefore, entirely clear that this action is based upon an oral contract.

The reasons assigned to sustain the rule to strike off the statement of claim are summarized by the defendant in his brief, and for the purposes of this case, three only need be considered. The first reason is that the statement "does not aver the nature of the employment nor the character of the services to be performed;" and the third reason is that "it does not aver that Albert Syncavage performed any services for the defendant, or for any one else, under any contract referred to in the statement." These two reasons may be considered together. The plaintiff has alleged in paragraph 2 of his statement of claim that the defendant is the proprietor of a cigar store in the Borough of Minersville, Pa. It is not alleged that he was engaged in any other business, nor is it charged that he conducted the business of gambling in connection with his cigar business. The location of the cigar store is not given, and it may be anywhere within the borough limits. The place where cards were played is not given. The services which the plaintiff's son was required to perform are not set out either in the contract declared upon or in any other part of the statement of claim. It is not even alleged that plaintiff's son performed any services, and if the whole statement be regarded as sufficient to support an inference that he rendered some services to the defendant, it may have been either in the cigar business or in the keeping and maintaining of a card-table for hire, or partly for both. The statement lacks clearness and conciseness respecting the nature of the employment, which is of the essence of plaintiff's case, for reasons presently to be stated.

The second ground of attack upon the plaintiff's statement is that "it does not aver the amount which the defendant contracted to pay to Albert Syncavage in such a way that the same can be ascertained or understood." It is entirely clear that the compensation to be paid to plaintiff's son was to be "one-half (½) of the monies (moneys) received from the collection of the 'kitty' derived from card-playing." The word "kitty," in the sense in which it is used in the statement of claim, has a well understood meaning which is defined in Funk & Wagnall's New Standard Dictionary, as follows: "In poker and other card games, a part of the pool set aside for expenses." If

poker or other card games played for money are played as a diversion or occasionally, and not as a means of livelihood, the players are not common gamblers within the meaning of section 56 of the Act of March 31, 1860, P. L. 382. See Com. v. Phillipi, 6 Dist. R. 426. And in such games the actual expenses of the game may undoubtedly be taken out of the money staked, or pool, without breach of any statute law. But section 56 of the Act of 1860 makes it a crime for any person to "keep or exhibit any gaming-table, establishment, device or apparatus to win or gain money or other property of value, or aid, assist or permit others to do the same." The plaintiff's statement should, therefore, disclose where the games were played; the actual expenses of playing them; who, generally, was eligible to play; the stake usually played for; the proportion of the stake or pool taken for the kitty; the person or persons who collected the kitty; and the person or persons, other than the plaintiff's son, who had the right to take one-half of the kitty not claimed by him. Moreover, in paragraphs 8 and 9 of his statement of claim, the plaintiff describes or defines the interest of his minor son in the kitty as the right to "an equal division of the profits," without stating with whom the profits or proceeds of the game were to be shared. The necessary implication is that a partnership existed between the plaintiff's son and some unnamed person or persons. If this be so, an action on the contract alleged would not lie. The conclusion we reach is that the plaintiff's statement of claim lacks the conciseness required by the Practice Act, 1915, and that which is essential to enable the defendant to state his defence.

Rule absolute and plaintiff's statement is stricken from the record.

From M. M. Burke, Shenandoah, Pa.